**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**LISA MURPHY**                                                                 **PETITIONER**
**ADC #760343**

**CASE NO. 1:19-CV-90-KGB-BD**

**JOHNSON,** *et al.*                                                      **RESPONDENTS**

**RECOMMENDED DISPOSITION**

**I.    Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge

Kristine G. Baker. Any Party to this case may file written objections. To be considered,

objections must be filed with the Clerk of Court within 14 days. Objections should be

specific and should include the factual or legal basis for the objection.

If parties do not object, they may lose the right to appeal questions of fact. And, if

no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing the record.

**II.    Discussion:**

Petitioner Lisa Murphy is currently serving an eleven-year sentence in the

Arkansas Department of Correction (ADC). (Docket entry #2 at 3) *See* Arkansas

Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Murphy*, 30CR-

09-217, Amended Sentencing Order (April 16, 2013). In her petition, Ms. Murphy

complains that the respondents, officers at the ADC's McPherson Unit, violated her

Constitutional right to access the courts by refusing to send her legal mail and by failing

to provide her paper, pens, and envelopes needed to send legal mail. (#2) For relief, she seeks an injunction requiring all employees to "follow their own policy" and termination of the respondents' employment. (#2 at 7-8)

In a September 12, 2019 Order, the Court alerted Ms. Murphy that claims about her conditions of her confinement could not properly be raised in a petition for writ of habeas corpus. The Court, however, offered Ms. Murphy the opportunity to pursue her conditions-of-confinement claims by converting her habeas petition to a civil complaint. (#4) Ms. Murphy was ordered to notify the Court within 30 days of September 19 of her decision to convert her habeas petition to a civil case. The Court warned her that, if she did not opt to convert her petition within the time allowed, her petition would be dismissed, without prejudice. Ms. Murphy has not responded to the September 12 Order, and the time for doing so has passed.

### III.    Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Ms. Murphy has made a substantial showing that she was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Ms. Murphy has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**IV.**     **Conclusion**:

The Court recommends that Ms. Murphy's habeas corpus petition (#2) be

dismissed, without prejudice, for failure to state a claim for habeas relief. The Court

further recommends that the pending motion to proceed *in forma pauperis* (#1) be

DEINIED as moot.

DATED this 25th day of October, 2019.

_____

UNITED STATES MAGISTRATE JUDGE